**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DISCOVERY CHURCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-cv-7481 |
| ) | |
| CHURCH MUTUAL INSURANCE ) | *Removed from the Circuit Court of the* |
| COMPANY, SI, ) | *Sixteenth Judicial Circuit, Kane County,* |
| ) | *Illinois / Case No. 2025-LA-000285* |
| Defendant. ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446, Defendant, CHURCH MUTUAL INSURANCE COMPANY, SI ("Church Mutual"), hereby removes this action from the Circuit Court of Kane County, Illinois, Illinois to the U.S. District Court for the Northern District of Illinois. In support of its Notice of Removal, Defendant states the following:

**State Court Action**

1. On May 20, 2025, Plaintiff, Discovery Church, Inc. ("Plaintiff"), filed Case No. 2025-LA-000285 in the Circuit Court of Kane County, Illinois. (A true and accurate copy of the Summons and Complaint is attached and incorporated as Ex. 1)

2. In its Complaint, Plaintiff lodges two causes of action against Church Mutual for breach of contract and violation of Section 155 of the Illinois Insurance Code arising out of Defendant's investigation of Plaintiff's claim for property insurance benefits. (Ex. 1, ¶¶ 17-30)

3. Specifically, Plaintiff alleges that the property at 200 Prairie Street in Elgin, Illinois ("the Property"), which was insured by Church Mutual, was damaged by a hail and wind event that occurred on or about April 20, 2023. (Ex. 1, ¶ 8) Plaintiff further alleges that Church Mutual breached the underlying policy of insurance when it partially denied Plaintiff's ensuing claim. (Ex. 1, ¶¶ 22-25)

1

**Timely Removal**

4. Fed. R. Civ. P. 4(e)(2)(C) provides that when serving a Defendant within a judicial district of the United States, a Plaintiff may effectuate service by delivering a copy of each to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(C).

5. Here, Plaintiffs elected to effectuate service by serving Defendant's "agent authorized by appointment or by law to receive service of process" – the Director of the Illinois Department of Insurance. (Ex. 1, pg. 1)

6. As it pertains to effectuating service of process against a foreign (out of state) insurer like Defendant, Illinois law provides that service of process is effective on the date that the insurer receives the processed copy of the summons and complaint from the Illinois Department of Insurance, not the date that DOI receives the summons and complaint. *See,* 215 ILCS 5/112(2):

> Process authorized by such instrument or by any similar instrument heretofore executed shall be served by delivering to and leaving with the Director duplicate copies of such process with payment of the fee prescribed by this Code, and the service thereof upon such attorney shall be deemed service upon the company. The Director shall forthwith forward one copy of each such process by certified or registered mail prepaid to the company, or in the case of an alien company, to the United States Manager or last appointed United States general agent of the company, giving the day and the hour of such service. Service of such process shall not be complete until the copy thereof has been so mailed and **received by the company**, and the certified receipt or registry receipt shall be prima facie evidence of the completion of such service. Service of process on a reciprocal or Lloyds shall be governed by sections 77 and 105 respectively. (Emphasis Added)

7. Here, the Illinois Department of Insurance accepted a copy of the summons and complaint, and, consistent with its statutory duties, dispatched a copy of the same Church Mutual by certified mail on June 3, 2025. (Ex. 1, pg. 1) Church Mutual's home office mailroom documentation confirms that the summons and complaint was "received by the company" on June 10, 2025. (Ex. 1, pg. 1).

8. Therefore, "receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based"

2

occurred on June 10, 2025, and the removal, which is occurring within 30 days thereof, is timely under 28 U.S.C. § 1446(b)(1).

9. Alternatively, even if the language of 215 ILCS 5/112(2) was disregarded, and service was considered effectuated as of the June 3, 2025 date of receipt of summons by the Illinois Department of Insurance, the removal is still timely as it is occurring within 30 days of June 3, 2025.

## Complete Diversity Exists

10. At all times relevant, Plaintiff, Discovery Church, Inc. was and is a not-for-profit corporation, organized and existing under the laws of the State of Illinois and with its principal place of business in Elgin, Illinois. (See, a true and accurate copy of the Illinois Secretary of State corporate records for Plaintiff, attached and incorporated as Ex. 2)

11. Therefore, for jurisdictional purposes, Plaintiff is a citizen of Illinois.

12. At all times relevant, Defendant, Church Mutual Insurance Company, S.I. was a corporation incorporated under the laws of the State of Wisconsin with its principal place of business in Merrill, Wisconsin. (See, a true and accurate copy of the Illinois Department of Insurance records for Defendant, attached hereto and incorporated herein as Exhibit 3)

13. Therefore, for jurisdictional purposes, Defendant is a citizen of Wisconsin.

14. The underlying lawsuit is between a Plaintiff-citizen of Illinois and a Defendant-citizen of Wisconsin, and complete diversity exists between the parties pursuant to 28 U.S.C. § 1332(a)(1).

## Amount in Controversy Satisfied

15. Removal is proper where "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." Barbers, Hairstyling for Men & Women, Inc. v. Bishop, 132 F.3d 1203, 1205 (7th Cir. 1997).

16. Plaintiff's Complaint identifies $929,136.98 as the amount it considers the proper measure of contractual indemnity, which, after deducting Church Mutual's $67,698.69 amount of loss, leads to a disputed contractual amount of no less than $861,438.29. (Ex. 1, ¶¶ 17, 20)

17. The Complaint also lodges a count under Section 155, which provides a successful plaintiff a statutory remedy including reasonable attorney's fees, other costs and an amount not to exceed any of the following amounts: (a) 60% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs; (b) $60,000. 215 ILCS 5/155(1).

18. The amount in controversy requirement includes statutory damages available under 215 ILCS 5/155. Remy v. Travelers Home and Marine Ins. Co., 2013 WL 2573952, *2 (N.D. Ill. 2013), *citing* Stachewicz v. National Union Fire Insurance Co. of Pittsburgh, PA., 2009 WL 3065065 (S.D. Ill. 2009).

19. The Complaint seeks at least $861,438.29 in contractual damages, which, after adding in the $60,000 statutory penalty in Section 155, results in an amount in controversy of at least $921,438.29.

20. Therefore, the amount in controversy exceeds $75,000.00 and satisfies 28 U.S.C. § 1332(a)(1).

### Notice to Plaintiff and State Court

21. Promptly after filing this Notice of Removal, Defendant will give written notice thereof to Plaintiff and the Clerk of the Circuit Court of Kane County, Illinois. (See, Notice to State Court and Plaintiff, attached hereto and incorporated herein as Exhibit 4)

### Jury Demand

22. Pursuant to Fed.R.Civ.P.38(b)(1), Defendant demands a trial by jury on all issues triable by jury.

WHEREFORE, pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446, Defendant, CHURCH MUTUAL INSURANCE COMPANY, S.I., removes this case from the Circuit Court of Kane County, Illinois to the U.S. District Court for the Northern District of Illinois for all further proceedings in this matter.

Respectfully Submitted,

**CHURCH MUTUAL INSURANCE COMPANY, S.I.,**

By: /s/ James P. DuChateau, Esq.
One of its Attorneys

James P. DuChateau, Esq. / ARDC 6298091
Brandt T. Miller, ARDC 6336399
HEPLER BROOM, LLC
70 W. Madison St., Ste. 2600
Chicago, Illinois 60602
Phone No. (312) 230-9100
Fax No. (312) 230-9201
Email: james.duchateau@heplerbroom.com
Email: brandt.miller@heplerbroom.com
***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I, James P. DuChateau, hereby certify that on July 2, 2025, a true and correct copy of ***Defendant's Notice of Removal*** was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have heretofore appeared in this matter.

/s/ James P. DuChateau